CASE 46—PETITION ORDINARY—November 14.

## Holloway, &c., v. Louisville, &c., Railway Company.

### APPEAL FROM MEADE CIRCUIT COURT.

Recovery of Land over which Railroad is Built—Estoppel.—If one permits a railroad to be built over his land, and the interests of the public to intervene by the road being put into operation over it, and by his conduct induces the belief that he has consented, he should not be allowed to recover the land, although he may be entitled to some relief by way of compensation. And this rule should be applied to married women as well as to persons who are free from disability. But the mere fact that a railroad is being operated and that the public is interested in its continuance will not bar the right of the owner of the land over which the road is built to recover it, in the absence of any conduct upon his part which would amount to an estoppel.

In this action of ejectment by husband and wife to recover a strip of the wife's land over which the defendant's railroad is being operated,

Holloway, &c., v. Louisville, &c., Railway Company.

there being testimony tending to show that plaintiffs had objected to the building of the road, it was error to peremptorily instruct the jury to find for defendant. Under proper instructions as to what would estop the owner the case should have been submitted to the jury.

J. W. LEWIS & SON FOR APPELLANTS.

1. An action of ejectment lies against an operating railroad. (Gilman v. Sheboy. and Fond du Lac R. Co., 40 Wis., 653; Cruger v. B. & S. W. R. Co., 41 Iowa, 419; Daniels v. Chicago & N. W. R. Co., 35 Iowa, 129; Robinson v. Pittsburgh R. Co., 57 Cal., 417; McClinton v. Pittsburgh, Fort Wayne & Chicago R. Co., 66 Pa. St., 404.)

   Even if the direct agent or officer of the State were in possession of the property using it for a governmental purpose, the public use could not be pleaded in bar of the action. (United States v. Lee, 106 U. S., 196.)

2. An oral dedication of the wife's land by the husband will not bar her recovery of the same by way of estoppel. (Winstell, &c., v. Hehl, 6 Bush, 63; Payne v. Vandiver, &c., 17 B. M., 20; Cov. & Lex. R. Co. v. Bowler's heirs, 9 Bush, 494.)

HELM & BRUCE FOR APPELLEE.

1. A judgment can not be entered in this case in favor of the plaintiffs and awarding them the possession of the land for which they sue when there is now standing upon the records a judgment in their favor, entered at their instance, for money damages for this very same land in a condemnation proceeding, the railroad company being bound by that judgment because it has taken possession of the land.

2. The court should have dismissed plaintiffs' petition because of the pendency of an injunction suit between the same parties in which the rights set up in this action are being litigated.

3. The plaintiffs, having stood by and permitted the road to be constructed and put into actual operation, have lost their right to recover the *possession* of the land, and are relegated to proper proceedings to recover the value of the same. (I. B. & W. R. Co. v. Allen, 113 Ind., 581; Bravard v. C. H. & I. R. Co., 115 Ind., 1; Goodin v. C. & W. Canal Co., 18 Ohio State, 169; s. c., 98 Am. Dec., 95; McAuley v. Western Vermont R. Co., 33 Vt., 311; s. c., 78 Am. Dec., 627.)

4. It would amount practically to a fraud for Mrs. Holloway to recover this land after the railroad company, with her knowledge and acquiescence, has gone ahead for an entire working season and expended a large sum of money in constructing its road over her land, believing in good faith that it was done with her consent and approval. This court has frequently held that the disability of coverture does not exonerate from fraud. (Connolly v. Branstler, 3 Bush, 702; Stone v. Wertz, 3 Bush, 490; Craddock v. Taylor, 3 Bush, 363.)

Holloway, &c., v. Louisville, &c., Railway Company.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is an action of ejectment to recover a strip of land over which the road of the appellee is being operated.

Upon the trial, title in the appellant, Amanda Holloway, was admitted; but a parol grant by her, *per* her husband, the appellant, William Holloway, of the right of way to the appellee, and her acquiescence, with full knowledge, in the building of the road over her land, involving a large expenditure of money, was relied upon by way of estoppel; also, that before the institution of the action the road was being used by the appellee for the transportation of passengers, freights and the mails, and that the land could not now be recovered because the interests of the public had intervened. The court adopted this view, and being of the opinion that it was sustained by all the testimony, peremptorily instructed the jury to find for the appellee.

If one grants the right of way by parol or permits a railroad to be built over his land at great expense and labor, and the interests of the public to intervene by the road being put into operation over it, and by his conduct induces the belief that he has consented to it, while he may be entitled to some character of relief by way of compensation, yet he should not, in our opinion, be allowed to recover the land.

This rule should be applied to a married woman, because to permit her to do so would be tantamount to allowing her to commit a fraud, and she may be estopped by conduct amounting to one.

It will not do to say, however, that an ejectment will not lie against a railroad company to recover a part of its road-bed without regard to how it obtained the possession,

merely because its road is being operated over it and the public are interested in its continuance. This is certainly not sufficient to bar the owner's right. The road may have been built without his knowledge, and if the mere fact that it is being used to transport the public, its property and the United States mails will bar his right to recover his land, then it will be taken from him without due process of law and he deprived of a right which is secured to him by the fundamental law. This would give the wrong-doer immunity in a great measure from judicial inquiry. It would, at least, deprive the true owner of his property without the benefit of judicial proceeding, and compensation being first made. Estoppel from claiming the land after the road has been built over it is based upon the ground that the owner has himself so acted as to induce what has been done, and that in good conscience he can not now say to the railroad company you have wrongfully placed your road upon my land.

In a government like ours no man or corporation is above the law, and to say that however wrongfully a railroad company may have located and built its road over a person's land, that merely because the road is now in operation and rendering a public service the owner can not sue for and recover his property, would lead to abuse and injustice which even the Government itself has no power to perpetrate.

The foundation of such a claim is that the performance of its public functions is so necessary to the public good that the individual right of property must give way without judicial proceeding. We can not sanction such a doctrine. To our minds it is monstrous. Why, the owner may recover his property by ejectment from the

custodians even of the Government, although it may then be in use for a public service  This was decided in the case of the United States v. Lee, 106 U. S., 196, involving what is known as the Arlington estate. There the Government had come into possession of the property wrongfully.  It was, however, being used for the public service.  A portion of it was in use as a military post and another portion of it as a national cemetery; it had been appropriated to lawful public uses, and yet it was held that the owner was entitled to recover since he could not be deprived of his property without due process of law.  Certainly a railroad company is not greater than the State, and has no more power than its creator.

A contrary rule would often lead to confiscation and the taking of the property, leaving the owner entirely remediless.  If he sought compensation he might find the taker of his property insolvent or its property so situated that it could not be subjected to his claim.

In this case the evidence tended to show that the owner, Mrs. Holloway, had never by parol consented to the construction of the road over her land.  The evidence was conflicting as to whether even her husband had so consented.  There was some evidence tending to show that he had and some that he had not.  The testimony was at least conflicting as to whether the wife had so acted as to induce the belief that she was consenting to the money being expended, the work done and the road located upon her land.  True, she knew of it, but there is evidence tending to show that she objected to it; that her husband did so and forbade those in charge of the workmen entering upon the land, as well as the engineer of the appellee.  This action was brought within

about two months after the road was built over the land.

Under this state of case it was error to peremptorily instruct the jury to find for the appellee; but under proper instructions as to what would estop the owner from now recovering the land, the case should have been submitted to the jury and the issue left to their decision.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.